[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action, by writ and complaint, claiming a dissolution of the marriage of the parties and other relief, as on file, came to this court on December 2, 1991 with a return day of December 10, 1991, and thence to later dates when the parties appeared for a limited contested trial which commenced June 17, 1993.
The post trial Memoranda of each of the parties was filed July 30, 1993.
The Court, having heard the evidence, finds the following:
The wife, BARBARA J. LICURSI, whose maiden name was BARBARA J. MUNNELLY, was lawfully married to the husband, EUGENE A. LICURSI, on February 4, 1978 at Danbury, Connecticut. At least one party has resided continuously in this State twelve months next before the date of the filing of the complaint and all statutory stays have expired. The marriage of the parties has broken down irretrievably. Two minor children have been born to the wife since the date of the marriage, which children are the lawful issue of the marriage: CT Page 9403
JENNIFER LYNN LICURSI, born November 5, 1980, and
DANIELLE LYNN LICURSI, born August 31, 1983.
The wife became 43 years of age on March 12, 1993. This is her second marriage. She has a high school degree (GED). At the time of the marriage, she worked in a factory, did waitressing and some outside housekeeping in addition to taking care of the home. At the present time, she does outside housekeeping work, attempting to work around the children's schedule so that she can spend as much time as possible with them. According to her financial affidavit, she currently nets $218.85 weekly from her employment. She is in reasonably good health.
The husband, who also has a high school education, became 50 years of age on March 21, 1993, This is his second marriage. He has been employed by DIEBOLD, INC. for the past 12 plus years and according to his financial affidavit, he currently nets $476.76 per week. The husband claims that his health is not good. He has, however, been able to work regularly for a long period of time.
The husband claims that the purchase of the marital residence financed by a $30,000.00 down payment received from his father should result in him being paid the first $30,000.00 from the sale of said residence, which sale he urges should take place promptly. He requests that the balance of the proceeds of sale should be divided equally. The wife claims that a condition of obtaining the said $30,000.00 was that his father reside with them and that she gave exceptional care to the father for a number of years in a devoted manner far beyond the call of duty. Additionally, she claims that after his initial financial contribution, the father made no further contribution to his living expenses. Therefore, she claims that she contributed to the down payment. She urges that she be permitted to occupy the marital residence until the youngest child reaches the age of 18 years and that upon a sale of the marital residence, she receive 65% of the proceeds thereof.
Each party claims that the other is capable of earning more money than they do currently and that each is capable of supporting himself or herself.
Each of the parties testified to a variety of reasons which each claimed caused the breakdown of the marriage. The Court finds that neither party was significantly more at fault than the other. CT Page 9404
The Court has reviewed all of the testimony, the exhibits, the financial affidavits of the parties, the report of the attorney for the minor children and the briefs of counsel and their proposals for judgment. In addition, the Court has considered all of the criteria set forth in Connecticut General Statutes Sec. 46b-81 (the assignment of property and transfer of title statute), Sec. 46b-82 (the alimony statute), and Sec. 46b-84 (parents' obligation for support of minor children) including reference to the Connecticut Child Support Guidelines.
Accordingly, the Court orders as follows:
A decree of dissolution of the marriage shall enter on the ground of irretrievable breakdown of the marriage.
CUSTODY, VISITATION, AND TELEPHONE ACCESS
The Order of the Court entered at trial on June 18, 1993 is hereby incorporated by reference in its entirety.
CHILD SUPPORT
The husband shall pay to the wife as child support, the sum of $110.00 per week, per child, until the child reaches the age of 18 years, dies, marries or is sooner emancipated. The Court finds that this amount comports with the Connecticut Child Support Guidelines. So long as the husband is current in his support obligation and so long as he contributes more than 50% of the support necessary for the minor child, he shall have the right to claim the minor child as a dependent on his federal and state income tax returns.
MEDICAL INSURANCE COVERAGE AND MEDICAL BILLS FOR MINOR CHILDREN
The husband shall maintain medical and dental insurance coverage for the benefit of the minor children. It shall be the equivalent of his current plan obtained through his employment except that he shall maintain the plan offering the lowest total out of pocket expense. Where practical, each party shall inform the other in advance of any treatment to be provided to a child so that the other parent may have some input with regards to the contemplated treatment. All unreimbursed medical, dental (including orthodontia), psychiatric/psychological, prescriptive and optical expense incurred on behalf of the minor children shall be paid 45% by the wife and 55% by the husband. CT Page 9405
The wife shall have the option of exercising her COBRA rights under the husband's employer's policy at her sole cost and expense. The husband shall cooperate with the wife in all respects necessary to enable the wife to timely process her application in relation thereto.
The provisions of Connecticut General Statutes Section46b-84(c) are incorporated by reference in its entirety in this decree.
DIVISION OF ASSETS
Personal Property
Husband's Retirement and Pension Plans
The husband shall transfer to the wife 50% of his present interest in his Diebold Retirement plan for Salaried Employees. The husband shall participate in the preparation and execution of a Qualified Domestic Relations Order to effectuate said transfer.
The husband shall retain his 401K Savings Plan as his exclusive property.
Savings Bonds Currently in Husband's Possession
In the event the parties are unable to agree with respect to holding said bonds in trust for the benefit of the minor children, they shall equally divide the Savings Bonds currently in the husband's possession.
Life Insurance
The husband shall maintain his current policy of life insurance with Metlife in the face amount of $50,000.00 naming the children the irrevocable beneficiary thereof for so long as he is obligated to pay child support or contribute to the medical expense for any child. He shall also maintain any and all policies of life insurance available through his employer at no expense to him, naming the children irrevocable beneficiary thereof, for so long as he is obligated to pay child support or contribute to the medical expense for any child.
In the event the parties are unable to agree with respect to CT Page 9406 the current policy on the wife's life owned by the husband, the husband shall promptly pay to the wife one-half of the accumulated cash value thereof.
Motor Vehicle
The wife shall retain the motor vehicle shown on her financial affidavit and shall be responsible for the debt thereon.
Furniture and Furnishings
The piano shall remain in the possession of the wife for use by the children so long as the husband is obligated to pay support for any child. Thereafter, in the event the parties are unable to reach agreement concerning its disposition, the piano shall be promptly sold and the proceeds divided.
The Court urges the parties to reach an agreement in connection with a division of the remaining tangible personal property. If the parties are unable to agree on such a division, either party may apply to the court for a further hearing in connection therewith.
Real Estate
The parties are the joint owners of real property (former marital residence) located at 42 Key Rock Road, Newtown, Connecticut. Title to the property shall remain in both names but as tenants in common.
The wife shall have exclusive possession of said property until the first of the following events:
a) her remarriage;
b) her cohabitation under the statute;
c) when the youngest child reaches the age of 18 years;
d) her desire to sell the property.
Upon the happening of the first of these events, said residence shall be placed on the market for immediate sale at an agreed upon listing price. If the parties are unable to agree on a listing price, they shall designate a real estate appraiser to appraise said premises and that appraisal shall be considered the fair market CT Page 9407 value and the listing price of the property. From the gross proceeds of the sale, there shall be paid the balance of the mortgages, the real estate commission and other usual expenses of closing. The remaining net proceeds shall be divided equally by the parties.
During the period of time that the wife has exclusive possession and control of said premises, (provided the husband is current in his child support payments), she shall be solely responsible for paying the monthly installment on the mortgages, the real estate taxes and homeowners insurance and for ordinary maintenance and upkeep, except, however, any repair or capital improvement in excess of $250.00 shall be shared equally by the parties.
The wife shall have the option of purchasing the husband's interest in the property within thirty (30) days of the triggering event set forth above. The purchase price shall be as follow:
(1) the appraisal price shall be reduced by the outstanding balances on the mortgages;
(2) the appraisal price shall be further reduced by a fictitious real estate commission of five (5%) percent.
ALIMONY
Neither party shall pay alimony to the other.
ATTORNEY'S FEES
Each party shall be solely responsible for his or her legal fees.
LIABILITIES
The parties shall be equally responsible for the payment of the liabilities due under the following credit cards held in the name of the wife:
Sears in the approximate amount of $2,397.74;
Visa in the approximate amount of $2,500.00;
Mastercard in the approximate amount of $1,400.00 CT Page 9408
Each party shall be solely responsible for the payment of those other liabilities listed on their respective financial affidavits filed with the Court.
OUTSTANDING PENDENTE LITE ORDERS
This decree is not intended to merge any arrearage that the husband may owe to the wife. The husband shall pay to the wife within ten (10) days, one half of all medical, psychiatric, psychological and other health and or dental expense incurred on behalf of the plaintiff and the minor children, pursuant to the Court's PENDENTE LITE orders.
PAYMENT OF FEES OF ATTORNEY FOR THE MINOR CHILDREN
Each party shall pay within thirty (30) days of the date hereof, one half of the legal fees in the amount of $400.00 submitted by the attorney for the minor children.
IMMEDIATE WAGE EXECUTION
An immediate wage execution shall enter with respect to the husband's child support obligation.
RETENTION OF JURISDICTION
The court retains jurisdiction with regard to the implementation of the Qualified Domestic Relations Order.
MORTON I. RIEFBERG JUDGE OF THE SUPERIOR COURT